**PRODUCTION CREDIT ASSOCIATION OF GRAFTON, Plaintiff and Appellee,**

v.

**Thomas D. PORTER, Defendant and Appellant.**

**PRODUCTION CREDIT ASSOCIATION OF GRAFTON, a corporation, Plaintiff and Appellee,**

v.

**Thomas PORTER, Defendant and Appellant,**

**William T. Porter and Gertrude Porter, and all persons unknown, claiming an estate or interest in, or lien or encumbrance upon, the real estate described in the Complaint, Defendants.**

**Civ. Nos. 11111, 11112.**

Supreme Court of North Dakota.

July 16, 1986.

Pearson & Christensen, Grand Forks, for plaintiff and appellee; argued by Douglas A. Christensen.

Thomas D. Porter, pro se.

ERICKSTAD, Chief Justice.

This case involves separate appeals from two summary judgments entered in separate foreclosure actions which have been consolidated for oral argument and disposition on appeal.

The Production Credit Association of Grafton (PCA) filed an action in district court, Civil No. 4645, to foreclose its security interest in certain personal property of the defendant, Thomas Porter, which had been given by Porter to secure a loan for agricultural purchases. Porter, acting pro se, answered and counterclaimed.

The district court entered a summary judgment, dated September 26, 1985, granting PCA's foreclosure of its security interest, but the court made no ruling with regard to Porter's counterclaim. Porter has filed an appeal from the summary judgment, but the court did not enter a Rule 54(b), N.D.R.Civ.P., certification for an immediate appeal. Accordingly, we dismiss the appeal from the September 26, 1985 summary judgment and remand for disposition of the counterclaim.

The PCA filed a separate action in district court, Civil No. 4659, to foreclose a real estate mortgage given by Porter to PCA as security for agricultural loans. The district court entered a summary judgment of foreclosure, dated September 27, 1985, from which Porter has now filed an appeal.

Porter has raised the following issues on appeal:

(1) Whether the trial court erred in allowing PCA to split its action and bring two separate lawsuits on the same transaction;

(2) Whether Porter was entitled to a fair and impartial trial judge;

(3) Whether the association between Porter and the PCA is a "partnership/joint venture";

(4) Whether "HJR 192" is an absolute bar against repayment of a promissory note in a particular kind of coin or currency;

(5) Whether the PCA's failure to issue stock certificates is a deceit under 15 U.S.C. § 77(q);

(6) Whether PCA violated its fiduciary trust; and

(7) Whether there is a conflict of interest on the part of PCA's attorney.

Having reviewed the foregoing issues, we conclude that Porter has not raised and supported as required by Rule 56(e), N.D. R.Civ.P., any genuine issue of material fact which would render summary judgment inappropriate and that when considered in light of the circumstances alleged in this case Porter has raised no meritorious legal issue. We further conclude, therefore, that this is an appropriate case for summary affirmance, and accordingly, the September 27, 1985 summary judgment is affirmed under N.D.R.App.P. 35.1(a)(1) and (6).

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.