**Lolita GILLAN, Plaintiff and Appellant,**

v.

**Loyal SAFFELL, Defendant and Appellee.**

Civ. No. 11251.

Supreme Court of North Dakota.

Oct. 28, 1986.

Ronald Reichert of Freed, Dynes, Reichert & Buresh, Dickinson, for plaintiff and appellant; argued by Ira Eakin of Huntley & Eakin, Baker, Mont.

Carlan J. Kraft of Butz & Kraft, Rugby, for defendant and appellee.

VANDE WALLE, Justice.

Lolita Gillan appealed from the judgment of the district court of Bowman County which denied her motion for partial summary judgment. Because an order or judgment denying a motion for summary judgment is not appealable, we dismiss the appeal.

On October 23, 1980, Lolita was driving a motor vehicle on U.S. Highway 85, approximately 14 miles south of Bowman, North Dakota. The vehicle she was driving struck a cow which was owned by Loyal Saffell. Lolita brought action for damage to her vehicle and for injuries she sustained. Lolita moved for partial summary judgment based upon Section 36–11–07, N.D.C.C.[1] She argued that the statute imposed strict liability upon the owner of a cow which caused damage to a motor vehicle outside a grazing district. The district court denied the motion and judgment to that effect was entered. The court had not made the determinations required by Rule 54(b), N.D.R.Civ.P., and Lolita moved that the trial court make an express determination that there was no reason for delay and expressly direct the entry of a final judgment. This motion was an attempt to comply with Rule 54(b) so that an appeal could be taken. Pursuant to Lolita's motion and the order of the trial court, final judgment was entered consistent with Rule 54(b). Lolita appealed from that judgment.

■ Lolita raises as an issue whether or not Section 36–11–07, N.D.C.C., imposes strict liability on the owner of a cow which caused damage to an automobile. However, prior to reaching that issue, this court must have jurisdiction over the appeal. If there is no authority for an appeal, it cannot be heard by this court. *Davis v. Job Service,* 365 N.W.2d 497 (N.D.1985). If an order or judgment is not appealable, this court has the duty to dismiss the appeal sua sponte. *Davis, supra.* The right of

1. Had Lolita's motion been granted it would have left only the issue of damages to be tried.

appeal in North Dakota is statutory. The orders which constitute appealable orders are set forth in Section 28–27–02, N.D.C.C. *Sheets v. Letnes, Marshall & Fiedler, Ltd.,* 311 N.W.2d 175 (N.D.1981).

 Lolita asserts that the judgment denying her motion for partial summary judgment is appealable because she has complied with Rule 54(b), N.D.R.Civ.P. Pursuant to Rule 54(b), in an action involving more than one claim for relief, the trial court may direct the entry of a final judgment regarding fewer than all the claims if the court makes an express determination that there is no just reason for delay and upon express direction for entry of judgment. The purpose of Rule 54(b) is to deter piecemeal disposal of litigation and avoid injustice which could be caused by unnecessary delay in adjudicating the separate claims. *Brown v. Will,* 388 N.W.2d 869 (N.D.1986).

Rule 54(b) does not supersede statutes (such as Section 28–27–02) which control the appellate jurisdiction of this court. *Sheets, supra.* As such, the judgment from which Lolita appealed must come within the purview of Section 28–27–02. Once that hurdle is cleared, if Rule 54(b) is applicable, as it was in this case, that rule's separate requirements must be met.

 This appeal arises out of the denial of Lolita's motion for partial summary judgment.[2] Under Section 28–27–02 an order denying a motion for summary judgment is not appealable. *Skoog v. City of Grand Forks,* 301 N.W.2d 404 (N.D.1981); *Becker v. Doubek,* 292 N.W.2d 72 (N.D. 1980); *Rude v. Letnes,* 154 N.W.2d 380 (N.D.1967). Therefore, the district court's

judgment denying Lolita's motion for partial summary judgment is not appealable.

The appeal is dismissed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**2.** This case perhaps illustrates a very fine application of the distinction which exists in the law of this State concerning appealability. The district court ruled that Section 36–11–07, N.D.C.C., did not create strict liability upon the owner of a cow which causes damage to a motor vehicle outside a grazing district, and denied Lolita's motion for partial summary judgment. At that time, there was merely a denial of a motion for summary judgment which we have consistently held, and reaffirm today, is not appealable whether contained in an order or a judgment. We do not decide whether a summary judgment entered in Loyal's favor on the issue of strict liability would have been appealable under Section 28–27–02, N.D.C.C., assuming compliance with Rule 54(b), N.D.R.Civ.P.