Lowell D. REGSTAD and R.A. (Tony) Kost, Plaintiffs and Appellees,

v.

Edward H. STEFFES, Steffes Farm Group, a partnership, Adolph Henke, and Frances Henke, Defendants and Appellants.

STEFFES FARM GROUP, a partnership, and Edward H. Steffes, individually, Third–Party Plaintiffs and Appellants,

v.

CITY OF FARGO, a municipal corporation, and County of Cass, a municipal corporation, Third–Party Defendants and Appellees.

Civ. No. 870326.

Supreme Court of North Dakota.

Dec. 6, 1988.

Daniel J. Crothers, of Nilles, Hansen & Davies, Ltd., Fargo, for plaintiffs and appellees.

David Garaas, of Garaas Law Firm, Fargo, for defendants, appellants, and third-party plaintiffs and appellants.

Garylle B. Stewart, Asst. City Atty., Fargo, for third-party defendant and appellee City of Fargo.

Robert G. Hoy, State's Atty., Fargo, for third-party defendant and appellee County of Cass (on brief).

VANDE WALLE, Justice.

Edward H. Steffes and Steffes Farm Group (hereinafter collectively referred to as Steffes) appealed from a partial summary judgment quieting title in Lowell D. Regstad and R.A. Kost (hereinafter collectively referred to as Regstad) to land which had been forfeited for nonpayment of taxes. Because no order comporting with Rule 54(b), N.D.R.Civ.P., was entered, we dismiss the appeal.[1]

---

**1.** On appeal Steffes raised issues concerning their right to purchase beyond their redemption rights and defects in the notice to them of their

Steffes owned lots in the city of Fargo. Cass County acquired title to the lots by tax deeds. In January 1987 Cass County informed Fargo that it could purchase the lots for $1.00 per lot if Fargo sent a letter to Cass County authorizing the County to cancel all special assessments on the property. The notice also specified there would be a 30–day waiting period before the deed could be issued as the county auditor "is required to give notice to the former owner." On February 18, 1987, Fargo notified Cass County that it wished to purchase the lots and directed the County to cancel all 1986 and prior-year special assessments on the lots. The Cass County auditor notified Steffes of a 30–day period within which to redeem by paying the delinquent taxes, penalties, and interest. Steffes did not redeem and Fargo received deeds to the lots which were recorded between March 26 and April 7, 1987. Fargo publicly advertised the lots for sale on April 26 and April 29, requesting sealed proposals by May 4. Regstad purchased the lots from Fargo on May 4, 1987, and received a quitclaim deed from the County.

Regstad brought an action to quiet title to the property naming Steffes as parties. Steffes answered the complaint and filed a third-party complaint against Fargo and Cass County for damages if Regstad succeeded in the quiet-title action. Fargo and Cass County answered the third-party complaint and Fargo counterclaimed against Steffes seeking contractual indemnification for losses from nonpayment of the special assessments. The trial court granted Regstad's motion for summary judgment quieting title to the property in Regstad, ordered summary judgment in favor of Fargo and Cass County on the third-party complaint, and denied Steffes's motion for summary judgment on the counterclaim. Fargo's counterclaim against Steffes thus was not resolved by the partial summary judgment.

Rule 54(b), N.D.R.Civ.P., provides:

"If more than one claim for relief is presented in an action, whether as a claim, *counterclaim*, cross-claim, or

third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an *express* determination that there is no just reason for delay and upon an *express* direction for the entry of judgment. In the absence of that determination and direction, *any order* or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties *does not terminate* the action as to any of the claims or parties, and the order or other form of decision *is subject to revision* at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." [Emphasis supplied.]

█ It is apparent from the wording of the rule that, in the absence of the express determination that there is no just reason for delay and an express direction for the entry of judgment, there is no final judgment. This court has long held that no appeal lies from a judgment that is interlocutory and not final. E.g., *Anderson v. Bothum*, 77 N.D. 678, 45 N.W.2d 488 (N.D. 1950). We have recently reiterated that holding where partial summary judgment left an unresolved counterclaim and no order or expression complying with Rule 54(b) was entered by the trial court. *Gillmore v. Morelli*, 425 N.W.2d 369 (N.D. 1988). Although the parties may not have questioned the appealability of the judgment, we must dismiss an appeal on our own motion if we conclude that it fails to grant jurisdiction. *Id.*

█ The purpose of Rule 54(b) is to deter piecemeal disposal of litigation. *Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986). In *Union State Bank v. Woell*, 357 N.W.2d 234, 238–239 (N.D.1984), Justice Sand, writing for the court, examined in depth Rule 54(b) certifications and observed:

"The claims raised in the main action and counterclaim arose from the same series of transactions and occurrences, are logi-

right to redeem. Because we dismiss the appeal

we do not reach those issues.

cally related legally and factually, and are closely intertwined. [Citations omitted.] It is likely that an appeal will be taken after the unadjudicated counterclaim is decided, which would involve the same factual situation as the present appeal." [Citations omitted.]

Justice Sand further noted, at page 239 of the reported case, that there "were no unusual or compelling circumstances presented to the court which dictated immediate entry of a separate judgment."[2]

■ At oral argument Steffes urged that we not dismiss the appeal because the judgment contains an injunction which brings it within the purview of Section 28–27–02(3), N.D.C.C., and therefore is appealable without a Rule 54(b) order. Section 28–27–02(3) provides:

"The following orders when made by the court may be carried to the supreme court:

. . . . .

"3. An order which grants, ... an injunction ..."

Assuming, without deciding, that an order granting an injunction may be appealed without regard to Rule 54(b),[3] we do not believe this would be an appropriate case in which to apply such an exception. To justify the appeal Steffes seizes upon "boilerplate" language in the judgment quieting title stating that the defendants are "debarred and enjoined forever from asserting any estate or interest in, or lien or encumbrance upon, in or to said real property or any part thereof, ..." No such language is found in the order for judgment signed by the trial judge. It appears only in the judgment signed by the clerk of court.

Presumably it was included in the judgment because similar language was included in the complaint as a result of the requirements of Section 32–17–04, N.D.C.C., providing that in an action for the determination of adverse claims, the complaint "may be substantially in the following form, ...

. . . . .

"3. That this title be quieted as to such claim, and that defendants be forever debarred and enjoined from further asserting the same."

But the judgment already contains language that the plaintiffs "are the owners in fee simple" of the property and that the defendants "have no estate or interest in, or lien or encumbrance upon the real property." We have no problem discerning the intent and effect of the judgment without the statutory injunctive language, yet if that language were not in the judgment it clearly would not be appealable without a Rule 54(b) certification. Furthermore, the judgment states that "the Plaintiffs are in possession of the real estate." Thus the injunctive language serves no active purpose, and it is too facile to include injunctive language which serves no real purpose in a judgment to make appealable a judgment that otherwise would not be appealable because of Rule 54(b).

■ A noted authority has observed with regard to 28 U.S.C. § 1292(a)(1), which is similar to Section 28–27–02(3), N.D.C.C., that "the enumerated orders [interlocutory orders granting injunctions] are likely to be so important to the parties that an immediate appeal should lie even though the dis-

---

**2.** In *Union State Bank v. Woell,* 357 N.W.2d 234 (N.D.1984), the order for judgment contained a Rule 54(b) certification that there was no just reason for delay of entry of final judgment. We determined that the Rule 54(b) certification was improvidently granted and dismissed the appeal without reaching the merits. Because it does not appear that unusual or compelling circumstances dictate immediate entry of a separate judgment, we have not remanded pursuant to Rule 35(b), N.D.R.App.P., so that the trial court might consider the propriety of a Rule 54(b) order. See *Courchene v. Delaney Distributors, Inc.,* 418 N.W.2d 781 (N.D.1988).

**3.** In *Gillan v. Saffell,* 395 N.W.2d 148 (N.D. 1986), we observed that Rule 54(b) does not supersede statutes such as Section 28–27–02 which control the appellate jurisdiction of this court. We further noted that the judgment from which the appeal is attempted to be taken must come within the purview of Section 28–27–02 and, once that hurdle is cleared, if Rule 54(b) is applicable that rule's separate requirements must be met. In *Gillan* the appeal arose out of the denial of a motion for partial summary judgment which is not appealable under Section 28–27–02 although a Rule 54(b) order had been entered.

trict court still may have one or more closely related questions before it." 10 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d, § 2658.1, pp. 73–74. The statutory injunctive language in this instance does not rise to such an order. The judgment effectively quiets the title in the plaintiffs without such language; a counterclaim remains to be tried and a Rule 54(b) certification, if indeed such an order would be justified in this instance, is necessary to a valid appeal.

The appeal is dismissed.

ERICKSTAD, C.J., and GIERKE and LEVINE, JJ., concur.

MESCHKE, Justice, concurring.

I concur, but without enthusiasm.

I'm con ferned about two features of this decision: It does not set a brightline for Rule 54(b) action to make an interlocutory judgment final and thus appealable. Secondly, to the extent that it draws a small part of that line, it verges on an unsuitable one.

Of course, I agree that, generally, a final decision should be required for a civil appeal. Considerations of effective and efficient judicial administration support a strong tradition requiring finality. *Estate of Stuckle*, 427 N.W.2d 96, 101 (N.D.1988) (Meschke, Justice, concurring). But that is an easy generality; the more difficult proposition is what exceptions, if any, should be made to the general rule.

I am uncertain, and I am sure practitioners of the appellate arts will be uncertain too, about implications of the majority's assumption, "without deciding, that an order granting an injunction may be appealed without regard to Rule 54(b)." That uncertainty is not lessened by the conjunctive placement of the footnote explaining the rationale in *Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986) which surely casts doubt on that assumption.

Notions of good judging commend a decision on the narrowest available ground for a substantive issue. But this decision deals with procedure, not substance. Procedure is the sphere of the Supreme Court. North Dakota Constitution, Article VI, Section 3. Uncertainty about procedure is unbecoming to the court. We should speak as clearly as possible when deciding procedure, to aid practitioners, not puzzle them. Particularly, we should demystify Rule 54(b).

It should be made clear when finality must be supplied under Rule 54(b) to make an interlocutory judgment or order appealable. Only a brightline can avoid continued dribbling of judicial and private resources in groping for the right approach. For procedure generally, certainty is more important than correctness. Therefore, either finality should be required for all civil appeals without exception, or the exceptions should be disclosed.

I sought to outline a solution in *Stuckle*, *supra* at 101: "Subject to appropriate exceptions, perhaps akin to the federal model, a final decision will generally be required for a civil appeal." (Footnote omitted). Thus, my preference would be to acknowledge the same exceptions as the federal pattern from which we got Rule 54(b).

In the federal practice, neither lack of finality nor absence of Rule 54(b) action affects the appealability of some interlocutory orders, such as collateral orders, decrees directing the immediate turnover of property and an accounting, and injunctions. 6 Moore's Federal Practice ¶ 54.27[3] (1988). *See also Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Our adoption of Rule 54(b) from the federal practice suggests that a judgment or order usually recognized by federal courts as appealable without finality also should be considered appealable in our practice.

An appeal from an order granting or refusing an interlocutory injunction has been authorized in federal courts by Congress since 1891. *See* Act of March 3, 1891, ch. 517, § 7, 26 Stat. 828, from which 28 U.S.C. § 1292(a)(1)[1] is derived. The ex-

1. 28 U.S.C. § 1292(a)(1) says:

"(a) ... the courts of appeals shall have jurisdiction of appeals from:

ception for an interlocutory order granting or refusing an injunction was evidently recognized "[b]ecause rigid application of this [finality] principle was found to create hardship in some cases." *Carson v. American Brands, Inc.*, 450 U.S. 79, 83, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981). The policy of finality correlated with Rule 54(b) does not apply to an interlocutory injunction in federal courts. *Simmons v. Block*, 782 F.2d 1545 (11th Cir.1986); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3921 (1977).

Similarly, in North Dakota, an appeal from an interlocutory order granting, refusing, modifying, or dissolving an injunction has been authorized for over a century. *See* 1887 Laws of Dakota, ch. 20, § 23(3), approved March 11, 1887, and now codified, as amended, at NDCC § 28–27–02(3).[2] Not too long ago, more than 25 years after 54(b) was promulgated in North Dakota, this court held such an order appealable without mentioning Rule 54(b). *Advanced Business Telephones, Inc. v. Professional Data Processing, Inc.*, 359 N.W.2d 365 (N.D.1984).

While both Rule 54(b) and statutory provisions authorizing appeals from injunctions deal with interlocutory appeals, they implement different policies:

"Section 1292(a) is grounded in a belief that the enumerated orders are likely to be so important to the parties that an immediate appeal should lie even though the district court still may have one or more closely related questions before it. In effect the policy against piecemeal appeals is outweighed by the substantial harm that might be done by the continued effectiveness of an erroneous district court order. Thus, Section 1292(a) is a legislative exception to the finality principle. On the other hand, Rule 54(b) permits an immediate appeal because the policy against piecemeal appeals is not thwarted in a case in which one or more claims or the rights of one or more parties have been decided finally, leaving other matters unadjudicated that turn on different facts or principles and making it unlikely that the appellate court will be required to retrace its steps on successive appeals." (Footnotes omitted). 10 Wright, Miller & Kane, Federal Practice and Procedure § 2658.1, pp. 73–74.

Regstad's judgment here included an injunction. The federal analogue would acknowledge its appealability without Rule 54(b) action. We could easily conclude that an injunction is an appropriate exception to the general finality principle and allow this appeal.

In the three decades since we borrowed Rule 54(b), this court has not required 54(b) action to appeal an interlocutory injunction. I would not do so today because I believe there are sound reasons engrained in our tradition of recognizing appealability of an order granting, refusing, modifying or dissolving an injunction. But the majority chooses not to decide about doing so at this time.

Instead, the majority disdains the customary injunctive language quieting title as serving little purpose, belittling its importance as a genuine injunction, and concluding that it should not "make appealable a judgment that otherwise would not be...."

The hydraulic-like pressure of steadily expanding numbers of appeals makes the majority's action understandable. No doubt that pressure has contributed to the full development of our finality doctrine. *See Stuckle, supra.* But that pressure should not submerge an important tradition.

The need for judicial economy and efficiency, which reasons against piecemeal ap-

---

"(1) Interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

**2.** NDCC § 28–27–02 says:

*"What orders reviewable*—The following orders when made by the court may be carried to the supreme court:

\* \* \* \* \* \*

"3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, ..."

peal of most civil matters, does not have the same forcefulness for an injunction. "[A] large majority of the jurisdictions now permit an appeal from an order granting, denying, or dissolving or refusing to dissolve, a temporary injunction." (Footnotes omitted). 42 Am.Jur.2d *Injunctions* § 346 (1969). Thus, widespread experience tells us that conservation of judicial energy should yield to elimination of delays for review of injunctional orders. Review of an interlocutory injunction is largely limited to law, based as it is on an abuse of discretion standard. *Fargo Women's Health Organization v. Larson,* 381 N.W.2d 176 (N.D.1986). If not reviewed before a final determination, an injunctional order often becomes moot. 42 Am.Jur. 2d *Injunctions* §§ 355 and 356 (1969). An injunction. issued or denied under a mistaken view of the law, can do a lot of harm while due process takes its serene course.

Nevertheless, the majority finds it easy to reject an appeal from a quiet title judgment with its customary injunction because a counterclaim is still pending on an interconnected money claim and because the judgment is unaided by express action under Rule 54(b).

Because this is the first case in which our recently matured doctrine of finality for appeals has confronted any kind of injunction, I fear that today's majority opinion does not recognize an important exception to the rule of finality for a civil appeal. At least, the potential for such an exception goes unexamined.

I think it is unfortunate that we have not taken this opportunity to demystify Rule 54(b). We are missing a good opportunity to fully spell out when finality is necessary for an appeal and when it is not. But, since certainty is more important than the choice we make, I acquiesce in the holding: An interlocutory judgment quieting title is not appealable without the aid of Rule 54(b) action, even if it includes an incidental injunction.