**STATE BANK OF KENMARE, a North Dakota Corporation, Plaintiff and Appellee,**

v.

**Layne A. LINDBERG and Barbara Jean Lindberg, Defendants and Appellants.**

**Civ. No. 880238.**

Supreme Court of North Dakota.

Jan. 9, 1989.

Glenn Dill, III (argued), Kenmare, for plaintiff and appellee.

Barbara Jean Lindberg (argued), Rapid City, S.D., pro se. Layne A. Lindberg no appearance.

ERICKSTAD, Chief Justice.

The State Bank of Kenmare (Bank) sued Layne A. and Barbara Jean Lindberg to foreclose a mortgage. The Lindbergs answered and counterclaimed, alleging tortious interference with contract, misrepresentation and fraud by the Bank. The district court granted summary judgment in favor of the Bank on the foreclosure action and ordered a jury trial on the Lindbergs' counterclaim. The Lindbergs appealed from the summary judgment and requested the district court to stay execution of the judgment pending appeal. The court denied the Lindbergs' request for a stay, concluding they would not be prejudiced because they would have a year from the sheriff's sale to redeem the property and the "normal course of disposition in the Supreme Court is such that this case will be decided by the Supreme Court within a year's time." A sheriff's sale was held on August 2, 1988, and the Lindbergs' redemption period is currently running.

Because the Lindbergs' unadjudicated counterclaim remains for trial, we must

**348**

initially consider on our own motion whether or not the summary judgment granted on the Bank's foreclosure claim is appealable. *Gillmore v. Morelli,* 425 N.W.2d 369 (N.D.1988). Pursuant to Rule 42(b), N.D.R.Civ.P., the Bank moved for a separate trial on the counterclaim and the district court granted that motion. If a separate trial of an unadjudicated counterclaim is ordered under Rule 42(b) rather than a severance under Rule 21, N.D.R.Civ.P., a certification pursuant to Rule 54(b), N.D.R.Civ.P., expressly stating that there is no just reason for delay in directing the entry of a final judgment is necessary to make an adjudicated claim final and appealable. *Farmers Elevator & Mercantile Company v. Farm Builders, Inc.,* 432 N.W.2d 864 (N.D.1988); *Buurman v. Central Valley School District,* 371 N.W.2d 146 (N.D. 1985). In this case, the district court ordered a separate trial of the counterclaim under Rule 42(b). The existence of an unadjudicated counterclaim without a Rule 54(b) certification for the adjudicated foreclosure claim precludes appellate review, and we would ordinarily dismiss this appeal. *Regstad v. Steffes,* 433 N.W.2d 202 (N.D.1988); *Gillmore, supra.*

However, in light of the unusual circumstances of this case involving the sheriff's sale of the Lindbergs' property on August 2, 1988, and the running of the redemption period while the unadjudicated claim is pending, there is a need to expedite the determination of this appeal, if appropriate. Accordingly, we remand the record but retain jurisdiction of this appeal pursuant to Rule 35(b), N.D.R.App.P., and we respectfully request the district court to expeditiously consider the propriety of issuing a Rule 54(b) order. *See Courchene v. Delaney Distributors, Inc.,* 418 N.W.2d 781 (N.D.1988).

Remanded with instructions.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.