**JERRY HARMON MOTORS, INC., and Jerry Harmon, personally, Plaintiffs and Appellees,**

v.

**FIRST NATIONAL BANK & TRUST CO., Robert A. Wanago and Richard H. Rolfstad, as officers and agents of First National Bank and Trust Co., of Williston, and individually, Defendants and Appellants.**

**Civ. No. 880298.**

Supreme Court of North Dakota.

Feb. 14, 1989.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiffs and appellees; argued by David L. Peterson.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellant First Nat. Bank & Trust Co.; argued by Kermit E. Bye. Appearance by M. Daniel Vogel.

Rolfstad, Winkjer, McKennett & Stenehjem, P.C., Williston, for defendants and appellants Robert A. Wanago and Richard H. Rolfstad; argued by Richard A. McKennett.

ERICKSTAD, Chief Justice.

The defendants, First National Bank & Trust Company (First National) and Robert A. Wanago and Richard H. Rolfstad, individually and as officers and agents of First National, appeal from a district court order granting a motion by the plaintiffs, Jerry Harmon Motors, Inc., and Jerry Harmon, for change of venue from Williams County. We remand with instructions.

On July 7, 1988, the district court granted the plaintiffs' motion for change of venue in a written decision which provided:

"At a later date I plan to issue an ORDER for the Change of Venue. In the meanwhile, I intend to inquire around and otherwise ascertain what possible sites might be available and reasonably convenient to all concerned."

The court reaffirmed its decision on August 23, 1988. The defendants then requested the court to issue "an appealable 'Order' on the ... Motion for Change of Venue and on the Court's Rulings issued previously." The court issued a written order stating that

"Counsel may treat this as an ORDER Granting the ... Motion [for change of venue]. For reasons mentioned on today's record, however, (e.g. Case not yet matured for setting of a trial date, etc.) any Order designating trial site will perforce issue at a later date."

The defendants have appealed from that order.

■ Although none of the parties have questioned the appealability of the district court's order, we may consider the issue *sua sponte. Gillmore v. Morelli,* 425 N.W.2d 369 (N.D.1988). We recognize that we have previously considered appeals from an order granting a motion for change of venue without discussing the applicability of Rule 54(b), N.D.R.Civ.P. *E.g., Haugo v. Haaland,* 349 N.W.2d 25 (N.D.1984); *Marshall v. City of Beach,* 294 N.W.2d 623 (N.D.1980). However, we have recently recognized a shift in our appellate procedure regarding the applicability of Rule 54(b) certification to orders that are appealable pursuant to Section 28–27–02, N.D.C.C. *See Sargent County Bank v. Wentworth,* 434 N.W.2d 562 (N.D.1989); *Regstad v. Steffes,* 433 N.W.2d 202 (N.D. 1988); *Gast Construction Co. v. Brighton Partnership,* 422 N.W.2d 389 (N.D.1988); *Gillan v. Saffell,* 395 N.W.2d 148 (N.D. 1986).

In *Sargent County Bank v. Wentworth, supra,* 434 N.W.2d at 563, we said:

"In *Gillan v. Saffell,* 395 N.W.2d 148 (N.D.1986), and *Gast Construction Co.*

*v. Brighton Partnership,* 422 N.W.2d 389 (N.D.1988), we established the framework for analyzing this court's jurisdiction in cases where there is an appeal and there are unadjudicated claims remaining to be resolved by the trial court. *See also Regstad v. Steffes,* 433 N.W.2d 202 (N.D.1988); *Matter of Estate of Stuckle,* 427 N.W.2d 96, 101 (N.D. 1988) (Meschke, J., concurring). In *Gast Construction Co. v. Brighton Partnership, supra,* 422 N.W.2d at 390, we said:

" 'First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. *Gillan v. Saffell, supra.* If it does, then Rule 54(b), NDRCivP, must be complied with. *E.g., Production Credit Ass'n of Grafton v. Porter,* 390 N.W.2d 50 (N.D.1986)....' "

In *Wentworth* we held that an appeal from an order granting a provisional remedy for prejudgment possession of collateral and proceeds required an appropriately granted Rule 54(b) certification to invoke this court's appellate jurisdiction. Pursuant to the rationale of *Wentworth, supra; Regstad, supra; Gast, supra;* and *Gillan, supra,* an order granting a motion for change of venue requires Rule 54(b) certification to invoke this court's appellate jurisdiction.

■ Rule 54(b) certification requires that the court may direct entry of a final judgment or order as to one or more but fewer than all of the claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In this case the district court entered its order on September 6, 1988, in response to the defendants' request that an appealable order be issued. The court did not explicitly refer to Rule 54(b), but the court indicated that it intended to make the order appealable. Although explicit reference to the requirements of Rule 54(b) is preferable, we have held that statements such as those in this case satisfy the requirements of

242

Rule 54(b) if the record indicates that the court clearly intended to enter a final, appealable judgment or order. *Vorachek v. Citizens State Bank of Lankin*, 421 N.W. 2d 45 (N.D.1988); *Federal Land Bank of Saint Paul v. Anderson*, 401 N.W.2d 709 (N.D.1987); *First Trust Co. of North Dakota v. Conway*, 345 N.W.2d 838 (N.D. 1984). We conclude that the trial court's order satisfies the requirements of Rule 54(b).

■ Nevertheless, we must also consider the trial court's failure to designate a site for the trial. The trial court's order specifically stated that an order designating the site of the trial would be issued at a later date. During oral argument to this court, the parties would not rule out the possibility of appealing a subsequent order designating the site of the trial if they were dissatisfied with that site. Without the designation of a specific trial site, the possibility exists that this court would have to consider more than one appeal involving the venue for this trial. The possibility that a reviewing court might be obliged to consider the same issue a second time is an important factor in assessing Rule 54(b) certification. *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). We conclude that, in the absence of a designation of a trial site in the order granting the change of venue, the order granting a change of venue is not ripe for review and that the Rule 54(b) certification was improvidently granted.

We recognize that the attempted but incomplete compliance with Rule 54(b) in this case may be partially attributable to our recent shift in appellate procedure. We thus believe this case presents unusual circumstances, and in the interests of judicial economy, we will remand the record but retain jurisdiction of this appeal pursuant to Rule 35, N.D.R.App.P., in order for the trial court to designate the trial site to make this case ripe for review. *Courchene v. Delaney Distributors, Inc.*, 418 N.W.2d 781 (N.D.1988); *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347 (N.D.1989). Any party objecting to the designated trial site shall have ten days following the ser-

vice of the order so designating to file objection and supplemental briefs with this court and serve the same upon opposing counsel. Opposing counsel shall then have ten days following service within which to respond and file and serve briefs. Further oral argument will not be permitted.

Remanded with instructions.

VANDE WALLE, J., and VERNON R. PEDERSON and A.C. BAKKEN, Surrogate Justices, concur.

PEDERSON and BAKKEN, Surrogate Justices, sitting in place of LEVINE and GIERKE, JJ., disqualified.

MESCHKE, Justice, concurring.

I concur in declining to review this order. It was incomplete and not ready for review even if an express Rule 54(b) determination had been made. Furthermore, an order about changing venue is generally regarded as interlocutory, not final, and not appealable. 4 Am.Jur.2d *Appeal and Error* § 89 (1962).

Because the full sweep of our finality doctrine has only recently been explained, there is some merit in treating the trial court's effort to make "an appealable 'Order' " as qualifying under Rule 54(b), even on such a clearly interlocutory matter as the location of the trial. However, the trial court should not be foreclosed from declining Rule 54(b) action on remand. The trial court may determine, as intended by Rule 54(b), that there is "just reason for delay" of an order on the place of trial. Even if the trial court determines that there is "no just reason for delay" and directs entry of a "judgment" about the place of trial, a cross-appeal may follow in a manner inconsistent with our retention of jurisdiction and with our expressed limitations following action on remand.

I would prefer, also, that a *Courchene* remand not be used except in the clearest kind of case. Regrettably, we have not used it in more serious circumstances, such as rejecting review of a pretrial injunction for lack of finality. *See Sargent County Bank v. Wentworth* 434 N.W.2d 562 (Civil

No. 870218, filed 1–9–89) (Meschke, Justice, concurring). As I have preached before, a *Courchene* remand "is not appropriate for every appeal of a non-final decision unembellished with an adequate expression that it should be treated as final." *Matter of Estate of Stuckle*, 427 N.W.2d 96, 103 (N.D.1988) (Meschke, Justice, concurring). "Where unsettled issues are evident and are linked to those brought for review, piecemeal appeals should not be encouraged...." *Id.*

Therefore, I believe that our retention of jurisdiction here, pending further rulings by the trial court on remand, is inappropriate to even-handed application of the finality doctrine fixed in Rule 54(b). If we use it in this case, we can use it indiscriminately in any case. We should not so soon dissipate the bright line and certainty decreed in *Sargent County Bank v. Wentworth, supra.*