**WESTERN COOPERATIVE CREDIT UNION, a corporation, Plaintiff and Appellant,**

v.

**David HAGEMEISTER, Defendant and Appellee.**

**Civ. No. 890398.**

Supreme Court of North Dakota.

April 25, 1990.

Bjella, Neff, Rathert, Wahl & Eiken, PC, Paul W. Jacobson (argued), Williston, for plaintiff and appellant.

David Hagemeister, Bismarck, pro se.

MESCHKE, Justice.

Western Cooperative Credit Union appealed from an order granting David Hagemeister a change of venue. We dismiss the appeal.

In September 1989, the Credit Union sued Hagemeister in Williams County, the principal place of business of the Credit Union. The suit sought to recover a balance of $1,166.66 loaned to Hagemeister and to foreclose on collateral pledged as security. Hagemeister answered and counterclaimed for over $36,200.00 in damages and for exemplary damages, alleging that the Credit Union had fraudulently altered the amount of his loan, that the Credit Union had misapplied insurance proceeds, and that he .was not in default.

With his answer and counterclaim, Hagemeister also served a demand for change of venue on grounds that the suit sought recovery of personal property and that he resided in Bowman County. In November 1989, Hagemeister moved for a change of venue to Bowman County pursuant to NDCC 28–04–02(1) and 28–04–05. His motion was supported by his affidavit stating that he resided in Bowman, North Dakota where he received his mail; that he worked part-time in Bowman County; that he con-

sidered his "residence and domicile" to be at Bowman; and that "[a]ny personal property in North Dakota which I own, is located in Bowman County, North Dakota."

The Credit Union resisted the venue change by affidavit of its attorney, based upon hearsay, alleging that Hagemeister's affidavit was incorrect and that Hagemeister did not reside in Bowman, North Dakota. The Credit Union sought an extension of time to take depositions for proof of its allegations. On December 6, 1989, the trial court granted Hagemeister's motion and transferred the case to Bowman County. The Credit Union appealed and argued that the trial court abused its discretion in not allowing it more time to dispute Hagemeister's residency in Bowman County.

Although the appealability of the court's venue order has not been questioned, we consider appealability on our own initiative. *Harmon Motors v. First National Bank & Trust,* 436 N.W.2d 240, 241 (N.D.1989). As we clarified in *Harmon Motors,* we have reformulated the framework for defining our appellate jurisdiction when unadjudicated claims remain to be resolved by the trial court.

> In an appeal where there are unadjudicated claims remaining to be resolved in the trial court, our appellate jurisdiction comes from two sources. First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does,

then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction. (Citations omitted).

*Gast Construction Co. v. Brighton Partnership,* 422 N.W.2d 389, 390 (N.D.1988). Although an order changing venue used to be regarded as appealable, we ruled in *Harmon Motors,* 436 N.W.2d at 241, that "an order granting a motion for change of venue requires Rule 54(b) certification to invoke this court's appellate jurisdiction." NDRCivP 54(b) authorizes a trial court to direct entry of an appealable and final judgment "as to one or more but fewer than all of the claims or parties only upon the express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

An order changing venue is interlocutory. The Credit Union's claim and Hagemeister's counterclaim remain to be decided. There is no Rule 54(b) certification. Therefore, we are without jurisdiction to hear this appeal.

Accordingly, we dismiss this appeal.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.