The UNITED HOSPITAL, Plaintiff and Appellant,

v.

Barry D'ANNUNZIO, Defendant and Third–Party Plaintiff,

v.

GRAND FORKS COUNTY, NORTH DAKOTA, Third–Party Defendant and Appellee.

Civ. No. 900269.

Supreme Court of North Dakota.

Nov. 13, 1990.

McElroy, Camrud, Maddock & Olson, Grand Forks, for plaintiff and appellant, argued by Gordon W. Myerchin, Grand Forks.

McConn, Fisher, Olson & Daley, Grand Forks, for third-party defendant and appellee, argued by Patrick W. Fisher, Grand Forks.

April M. Crain (appearance), Crain Law Firm, Garrison, for defendant and third-party plaintiff.

MESCHKE, Justice.

The United Hospital appealed from an order dismissing its account claim against Grand Forks County. We retain jurisdiction of the appeal pursuant to NDRAppP 35(b) but remand for consideration of a NDRCivP 54(b) certification.

Barry D'Annunzio attempted suicide while he was incarcerated in the Grand Forks County Jail. He was taken to United Hospital where he was treated for many weeks. The Hospital submitted a claim of $57,947.41 for his medical care to Grand Forks County. The County denied the claim. The Hospital sued the County and D'Annunzio to collect the amount due for his medical care.

D'Annunzio filed a Chapter 7 bankruptcy petition, thereby invoking the automatic stay provisions of the bankruptcy code. *See* 11 U.S.C. § 362(a). The County moved to dismiss the Hospital's claim against it, contending that the district court lacked jurisdiction to hear that claim because, under NDCC 21-05-07 and 28-34-01, an ap-

peal from the county commission's action was the exclusive procedure for contesting that denial and because the Hospital failed to file a timely appeal. The district court concluded that it did not have jurisdiction of the claim because an appeal of the commission's action was the Hospital's only recourse. The court dismissed the Hospital's claim with prejudice "only insofar as the [Hospital's] claim against [the County] is concerned." The trial court stayed the action against D'Annunzio until further order of the bankruptcy court.

■ Generally, a final judgment is required for a civil appeal. Still, some classes of intermediate orders can qualify for appellate review if the trial court expressly certifies that there is no reason for delay and expressly directs entry of a sufficiently final judgment. This court's framework for analyzing an appeal when one or more claims remain unadjudicated in the trial court was summarized in *Gast Construction Co., Inc. v. Brighton Partnership*, 422 N.W.2d 389, 390 (N.D.1988):

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. *Gillan v. Saffell*, [395 N.W.2d 148 (N.D. 1986)]. If it does, then Rule 54(b), NDRCivP, must be complied with. *E.g., Production Credit Ass'n of Grafton v. Porter*, 390 N.W.2d 50 (N.D.1986). If it is not, we are without jurisdiction. *Ibid.*

Only final judgments or those made so by a proper certification pursuant to NDRCivP 54(b) are entitled to review on appeal.

NDCC 28–27–02(5) authorizes appeals from orders which involve "the merits of an action or some part thereof." *Geo–Mobile, Inc. v. Dean Bender Chevrolet*, 386 N.W.2d 918 (N.D.1986), *overruled* to the extent that it appears to sanction an appeal from intermediate order without a NDRCivP 54(b) certification in *Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989). This dismissal with prejudice of the Hospital's claim against the County involves the merits because it denies the Hospital opportunity to litigate the liability of the County for D'Annunzio's medical care.[1] *See Fee v. Richmond Mfg. Co.*, 346 N.W.2d 290 (N.D. 1984) [summary judgment which dismisses one of the defendants but which leaves the plaintiff's claim against another defendant is not appealable without a NDRCivP 54(b) certification]. *Compare Runck v. Brakke*, 421 N.W.2d 487 (N.D.1988) [Dismissal without prejudice is not appealable]. Since this dismissal adjudicates the claims of fewer than all the parties, the order is not final unless the trial court makes an express determination that there is no just reason for delay and expressly directs the entry of judgment. NDRCivP 54(b). Until then, the order is subject to revision at any time before the entry of judgment adjudicating all the claims of all the parties. *Id.* Even though this dismissal qualifies under the first branch of our finality analysis, this record does not include a NDRCivP 54(b) certification.[2]

The existence of the unadjudicated claim against D'Annunzio without a Rule 54(b) certification of the dismissal of the claim against the County precludes appellate review at this time. *See Regstad v. Steffes*, 433 N.W.2d 202 (N.D.1988). Therefore, ordinarily, we would dismiss this appeal.

---

1. In some older cases this court has rejected an appeal from an order dismissing an action. *See cases cited in Landowski v. Forx Motor Co.*, 85 N.W.2d 422 (N.D.1957) and *Union Brokerage Co. v. Jensen*, 74 N.D. 154, 20 N.W.2d 343 (1945). Those decisions each involved an appeal from an order directing the entry of a judgment dismissing the action, as differentiated from an appeal from the judgment itself. To the extent that a subsequent judgment is entered which is consistent with an order for judgment, those cases have been overruled. *Olson v. Job Service of North Dakota*, 379 N.W.2d 285 (N.D.1985). More importantly those older cases predate our recent shift in appellate procedure applicable to intermediate orders appealable pursuant to NDCC 28–27–02 and our finality jurisprudence for multi-party or multi-claim actions under NDRCivP 54(b). *See Peterson v. Zerr*, 443 N.W.2d 293 (N.D.1989). A final judgment is essential for appellate review.

2. After the notice of appeal was filed, the Hospital sought a Rule 54(b) certification. The trial court concluded that it no longer had jurisdiction of the case and denied the motion.

■ However, there are some unusual circumstances in this case. This is a sizeable claim against a public body that involves a significant procedural question common to all county and township units. The bankruptcy stay creates a likelihood of considerable delay in determination of the claim against D'Annunzio, as well as a potential that D'Annunzio will be discharged from liability ultimately, making his participation in the litigation irrelevant. Therefore, we conclude that there is a need for the trial court to consider expediting this appeal, if appropriate. We respectfully suggest that the trial court expeditiously consider the appropriateness of making a Rule 54(b) certification and of directing the entry of a final judgment as to the County. *Harmon Motors v. First National Bank & Trust Co.*, 436 N.W.2d 240 (N.D.1989); *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347 (N.D.1989); *Courchene v. Delaney Distributors, Inc.*, 418 N.W.2d 781 (N.D.1988). For that purpose, we remand the record but retain jurisdiction of this appeal pursuant to NDRAppP 35(b).

We remand with instructions, accordingly.

ERICKSTAND, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.