**Richard John NESVIG, Plaintiff and Appellee,**

v.

**ANDERSON BROTHERS CONSTRUCTION COMPANY OF BRAINERD, a Minnesota corporation, and Traill County, North Dakota, Defendants and Appellants.**

Civ. No. 920070.

Supreme Court of North Dakota.

Oct. 1, 1992.

Bernard E. Reynolds and Gunder D. Gunhus of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, for defendant and appellant Traill County.

Colleen J. Saande of Dosland, Nordhougen, Lillehaug, Johnson and Saande, Moorhead, for defendant and appellant Anderson Bros. Const. Co.

Gordon Nesvig, Cottage Grove, Minn., for plaintiff and appellee; appearance by George M. Ackre of Ackre & Baer, Cando.

LEVINE, Justice.

Anderson Brothers Construction Co. of Brainerd (Anderson Brothers) and Traill County appeal from a district court order granting Richard Nesvig's motion for a change of venue from Traill County to Cass County. However, the district court's order was not certified for appeal pursuant to NDRCivP 54(b).[1] We, therefore, dismiss the appeal.

In 1983, Traill County and Anderson Brothers completed construction of a new blacktop surface over Traill County Road 21, but the new road's shoulders were not graded until 1984. In the interim, there remained a drop-off between the road and the unfinished shoulders.

In 1984, Nesvig was severely injured when the automobile in which he was riding allegedly veered across the edge of the newly blacktopped surface onto the shoulder. He sued Traill County and Anderson Brothers, claiming negligent supervision and negligent failure to mark, barricade, warn or otherwise take measures to prevent motorists from going over the edge of the roadway onto the unfinished shoulder. Traill County and Anderson Brothers denied liability, and Anderson Brothers cross-claimed against Traill County, seeking indemnity and/or contribution for any damages Nesvig might recover from Anderson Brothers.

In April 1991, Nesvig unsuccessfully moved for a change of venue from Traill County to Cass County pursuant to NDCC §§ 28–04–07(2), (3). Several months and five affidavits later, Nesvig moved the court to reconsider the motion for a change of venue. Upon reconsideration, the court granted the motion.

Traill County and Anderson Brothers appealed from the order granting Nesvig a change of venue to Cass County, each arguing, in essence, that the affidavits in support of the motion did not provide the trial court with a reasonable and intelligent basis for its decision to grant a change of venue, and that the court, therefore, abused its discretion.

■ Our first inquiry is into the appealability of the order changing venue. Traill County and Anderson Brothers, citing *Marshall v. City of Beach*, 294 N.W.2d 623 (N.D.1980), assert that an order granting a change of venue is appealable. However, appellants' reliance on *Marshall* as the controlling precedent on the question of the appealability of venue orders is misplaced, because we have consistently held to the contrary in recent times. *Compare, e.g., Marshall, supra, with Western Co–Op Credit Union v. Hagemeister*, 454 N.W.2d 531 (N.D.1990); *Harmon Motors v. First Nat'l Bank & Trust*, 436 N.W.2d 240 (N.D. 1989).

---

1. NDRCivP 54(b) says:

   *Judgment Upon Multiple Claims or Involving Multiple Parties.* If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liability of all the parties.

Indeed, the framework we apply to determine whether the venue order in this case is appealable, and, for that matter, whether we can entertain any appeal where unadjudicated claims remain unresolved in the trial court, is now well established:

"In an appeal where there are unadjudicated claims remaining to be resolved in the trial court, our appellate jurisdiction comes from two sources. First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction." *Gast Constr. Co. v. Brighton Partnership*, 422 N.W.2d 389, 390 (N.D.1988) (citations omitted).

*See also Ceartin v. Ochs*, 479 N.W.2d 863, 865-66 n. 2 (N.D.1992) [capsulizing those orders which to date have been held to be within "the current of our expanding appealability jurisprudence."]; *Harmon Motors, supra; Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986). Applying this analytical framework to two similar cases, we held "an order granting a motion for change of venue requires Rule 54(b) certification to invoke this court's appellate jurisdiction." *Harmon Motors*, 436 N.W.2d at 241; *see also Hagemeister*, 454 N.W.2d at 532. Accordingly, we need only consider whether Rule 54(b) has been complied with.

■ Because Nesvig's claim and Anderson Brothers' cross-claim remain to be resolved in the trial court, Rule 54(b) is applicable. The Rule says that the trial court may direct entry of a final order (*i.e.,* one that is appealable) only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Here, the trial court did not expressly determine that there was no just reason for delay and

did not direct entry of judgment. Nor is there anything in the record which permits us to imply that the trial court, while not explicitly referring to Rule 54(b), clearly intended to make its order appealable. *Compare with Harmon Motors*, 436 N.W.2d at 241-42; *Jacobs v. Anderson Bldg. Co.*, 430 N.W.2d 558, 559 (N.D.1988). To the contrary, one of the trial court's reasons for granting the change of venue before trial and before voir dire was to avoid the delay that would arise from having to go through voir dire only to discover that an impartial jury could not be empanelled. The trial court obviously intended that this case should proceed to trial without unnecessary obstacles. An appeal at this stage of the proceeding is, we believe, an obstacle that the trial court would not condone.

■ Nor do we believe it appropriate to employ the procedure where, instead of dismissing the appeal, we retain jurisdiction over it while remanding the record to the trial court for consideration of whether an expedited appeal, achieved by a Rule 54(b) certification, is proper. *See* NDRAppP 35(b); *see also Gissel v. Kenmare Township*, 463 N.W.2d 668, 672 (N.D. 1990); *United Hospital v. D'Annunzio*, 462 N.W.2d 652, 654 (N.D.1990); *Harmon Motors*, 436 N.W.2d at 242-43; *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347, 348 (N.D.1989); *In re Estate of Stuckle*, 427 N.W.2d 96, 103 (N.D.1988), (Meschke, J., concurring); *Courchene v. Delaney Distributors, Inc.*, 418 N.W.2d 781 (N.D.1988). Ordinarily, we employ this procedure with caution, and consider its use appropriate only where "unusual circumstances" justify doing so.[2] *E.g., Gissel, supra; D'Annunzio, supra; Lindberg, supra.*

In *D'Annunzio*, we concluded that "a sizeable claim against a public body that involve[d] a significant procedural question

---

**2.** We recognize this was not the case, or, if it were, was not clearly articulated in *Courchene v. Delaney Distributors, Inc.*, 418 N.W.2d 781 (N.D.1988), the case in which we first utilized an NDRAppP 35(b) remand in an NDRCivP 54(b) setting. The interaction of these rules is, like Rule 54(b) itself, still developing. Nevertheless, the clear import of our most recent pronouncements regarding NDRAppP 35(b)'s applicability to a Rule 54(b) dismissal is that NDRAppP 35(b) ought to be employed rarely, and then only in "the clearest kind of case." *Harmon Motors*, 436 N.W.2d at 242 (Meschke, J., concurring); *see also Gissel*, 463 N.W.2d at 672; *D'Annunzio*, 462 N.W.2d at 654; *Lindberg*, 434 N.W.2d at 348.

common to all county and township units," coupled with unique complications created by a bankruptcy stay, constituted "unusual circumstances" warranting application of an NDRAppP 35(b) remand in lieu of an NDRCivP 54(b) dismissal. 462 N.W.2d at 654.

Similarly, we recognized in *Lindberg* that our Rule 54(b) dismissal would likely prevent the appellants in that case from exercising their important right to redeem property sold at a foreclosure sale. 434 N.W.2d at 348. We, therefore, concluded that these were unusual circumstances which justified employing an NDRAppP 35(b) remand. *Id.*

Conversely, in *Gissel*, we did not "perceive 'unusual circumstances' that would [have] justifi[ed] employing" an NDRAppP 35(b) remand. 463 N.W.2d at 672 (citation omitted). In that case, no special, unique hardships were present before, or as as a result of, our Rule 54(b) dismissal. Instead, we dismissed an appeal from a rather common, routine order where, inter alia, "a jury trial ... remain[ed] pending." *Id.* Accordingly, the most that could be said was that the trial court's order was "subject to revision at any time ... and [was] reviewable on appeal from the final judgment." *Id.*

■ Here, nothing approximating the circumstances present in *D'Annunzio* or *Lindberg* exists.[3] No unique hardship existed before, or arises from, our dismissal of this appeal. *Compare D'Annunzio*, 462 N.W.2d at 654, *with Lindberg*, 434 N.W.2d at 348. Instead, this case resembles *Gissel*, 463 N.W.2d 668, because it involves a routine order, presents no unique hardships

or "serious circumstances," *Harmon Motors*, 436 N.W.2d at 242 (Meschke, J., concurring), and is appealable after the trial court orders final judgment in the trial. *Gissel*, 463 N.W.2d at 672, *citing Wells County Water Resource Dist. v. Solberg*, 434 N.W.2d 577, 579 (N.D.1989). Accordingly, because no unusual circumstances exist, we refuse to employ an NDRAppP 35(b) remand in this case.

We conclude that the trial court did not, expressly or impliedly, fulfill the requirements of Rule 54(b).[4] We, therefore, are without jurisdiction to hear this appeal.

Appeal dismissed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and JOHNSON, JJ., concur.

---

**3.** In *Harmon Motors*, 436 N.W.2d at 242, we grounded a finding of "unusual circumstances" upon recognizing that the trial court's "attempted but incomplete compliance with Rule 54(b) ... may be partially attributable to our recent shift in appellate procedure." But our Rule 54(b) jurisprudence is now too well established to justify continued reliance on the *Harmon Motors* rationale for "unusual circumstances." Although our "shift in appellate procedure," *id.*, remains "recent," it is no longer so novel that we cannot expect the legal community to be aware of its impact. *See Ceartin v. Ochs*, 479 N.W.2d at 865–66 n. 2.

**4.** We note that our inquiry would not have ended here had we found the trial court complied with NDRCivP 54. A finding of compliance with the rule requires that we consider, sua sponte if necessary, the collateral question whether a trial court's certification was an abuse of discretion. *See, e.g., Peterson v. Zerr*, 443 N.W.2d 293, 297 (N.D.1989), *citing Union State Bank v. Woell*, 357 N.W.2d 234, 236 (N.D. 1984); *Harmon Motors*, 436 N.W.2d at 242 (Meschke, J., concurring). Of course, our holding obviates such consideration.