**ADVANCED BUSINESS TELEPHONES, INC., Plaintiff and Appellee,**

v.

**PROFESSIONAL DATA PROCESSING, INC.; Central Telephone Systems, Inc.; Paul Bakken; Bill Oliver; Charles Noesen and Roger Mortenson, Defendants and Appellants.**

**Civ. No. 10681.**

Supreme Court of North Dakota.

Dec. 28, 1984.

DeMars, Turman & Johnson, Fargo, for plaintiff and appellee; argued by Joseph A. Turman, Fargo.

Nilles, Hansen, Magill & Davies, Fargo, for defendants and appellants; argued by Stephen W. Plambeck, Fargo.

ERICKSTAD, Chief Justice.

Professional Data Processing, Inc. (PDP), Central Telephone Systems, Inc. (Central Telephone), Paul Bakken, Bill Oliver, Charles Noesen, and Roger Mortenson have appealed: (1) from a district court order of February 15, 1984, refusing to vacate or dissolve a temporary restraining order dated January 11, 1984, and directing that the temporary restraining order be continued as a preliminary injunction; (2) from the preliminary injunction dated February 21, 1984; and (3) from an order denying their motion for reconsideration, again refusing to vacate or dissolve the injunction. We affirm.

Advanced Business Telephones, Inc. (ABT), is in the business of sales, service and installation of telephone equipment. ABT's Telnet division resells long distance telephone services. It provides a secondary network for long distance telephone calls by purchasing blocks of WATS lines from Northwestern Bell or AT&T and securing subscribers, who then use Telnet's network. The Telnet division was started in January 1983 and it has about 350 customers.

Central Telephone is a competitor of Telnet in the business of reselling long distance telephone service. It began operating about December 1, 1983, and has about 200 customers, some of whom previously were Telnet customers.

Noesen and Mortenson are shareholders of Central Telephone and PDP, which formerly provided Telnet with a computerized billing service and Bakken, now an employee of Central Telephone, worked with ABT from January 1983 to November 1983 as an independent contractor, securing customers for ABT on a commission basis. Oliver, now an employee of Central Telephone, previously worked with ABT as an independent contractor in the nature of general manager of ABT's Telnet division. He started setting up the long distance service for ABT in January 1983. Before that, he had been an agent for Comprehensive Communication Systems, Inc. (CCSI—now known as Republic), the first long distance reseller in the Fargo area, some customers of which transferred their business to ABT when Oliver joined ABT. He left ABT about September 20, 1983, and joined Central Telephone.

By complaint dated January 10, 1984, ABT brought suit against the defendants, seeking damages and an injunction to prohibit continued use of ABT trade secrets,[1] which ABT asserts have been misappropriated. The trade secret, if any, involved here is a list of business customers of ABT's Telnet division.

On January 11, 1984, the district court issued a temporary restraining order and order to show cause, by which the defendants were:

"restrained and prohibited from utilizing such information as was improperly obtained from the Plaintiff, including but not limited to ... customer lists ... and other information gained through their employment and/or fiduciary relationships with Advanced Business Telephones, Inc.;"

and were ordered to show cause on January 26, 1984, why the temporary restraining order should not

"continue in effect or be made a preliminary or a permanent injunction pending conclusion of trial and entry of judgment on the complaint herein."

After a hearing on the order to show cause, the district court, on February 15, 1984, ordered that the temporary restraining order be continued as a preliminary injunction, with the subject matter of the injunction reduced to include only the customer list. Pursuant to that order, counsel for ABT prepared a new preliminary injunction, which the court issued on February 21, 1984, providing:

"IT IS HEREBY ORDERED that the Defendants and each of them are hereby restrained and prohibited from utilizing such information as was improperly obtained from the Plaintiff as it relates to the customer list of the Plaintiff. The Defendants are restrained from initiating any affirmative solicitation for business

---

**1.** *See* Section 47–25.1–01(4), N.D.C.C., which provides:

"*47–25.1–01. Definitions.* As used in this chapter, unless the context requires otherwise:

\* \* \* \* \* \*

"4. 'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

a. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

with any of such customers contained in said list;

"IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect pending the completion of this action on the merits."

On April 4, 1984, the defendants filed a motion for reconsideration, which was heard on April 11, 1984, at which time the district court directed ABT's counsel to prepare an order denying the motion and setting bond in the amount of $10,000. Such an order was prepared and the district court issued it on April 17, 1984.

■■■ The orders appealed from are appealable under § 28–27–02(3), N.D.C.C., which provides for appeal of an order which "grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction."

As in *Tyler v. Porter*, 230 N.W.2d 612, 615 (N.D.1975):

"Although the parties, in briefing and argument, often adverted to their contentions in the principal action, the issues in the principal action are not before us. We therefore have nothing to say at this time on [those contentions].... The only issues before us relate to the discretion exercised by the trial court in ruling on motions and in the issuance or refusal of restraining orders and injunctions, and whether or not that discretion was abused."

*See also, Amerada Hess Corporation v. Furlong Oil & Minerals Company*, 336 N.W.2d 129 (N.D.1983). The principal action has not yet been tried. We were informed at oral argument that a note of issue has not been filed and that discovery has not been completed. The trial court specifically stated that its finding that the customer list involved is a trade secret "is limited to the purposes of a preliminary injunction only." In increasing the bond to $10,000.00, the trial court acknowledged that trial may show that the customer list is not a trade secret:

"I'm going to put a commercial surety bond to be given by the Plaintiff in the amount of $10,000.00. We have involved somewhere around 300 customers. And the damages that the Plaintiff or Defendant might suffer if it in fact is not a trade secret would be the income they might have derived from these customers until the case is tried. $10,000.00 is a reasonable figure, considering we're dealing only with 300 names or thereabouts."

While the parties have expressed a desire for an opinion on the law to be applied, any opinion that we might render would be advisory only and we decline the invitation.

■■■ Section 32–06–02(1), N.D.C.C., provides that an injunction may be granted "[w]hen it shall appear by the complaint that the plaintiff is entitled to the relief demanded." We stated, in *Amerada Hess v. Furlong, supra*, 336 N.W.2d at 132:

"The decision to grant, deny, continue, or dissolve a temporary restraining order is equitable in nature and rests within the sound discretion of the trial court. *Allen v. Minot Amusement Corp.*, 312 N.W.2d 698 (N.D.1981). In reviewing an appeal from an order dissolving a temporary restraining order, we are limited to the question of whether or not the trial court abused its discretion. *Edgeley Ed. Ass'n v. Edgeley Pub. Sch., Etc.*, 231 N.W.2d 826 (N.D.1975)."

In determining whether or not the trial court abused its discretion, we are bound by the facts as presented to the district court for its consideration. *Edgeley Ed. Ass'n v. Edgeley Pub. Sch., Etc., supra.* The trial court was presented with a complaint alleging misappropriation of trade secrets, damages, and a possibility of a complete depletion of ABT's business. Before granting the temporary restraining order and order to show cause, the trial court considered the complaint, the application for a temporary restraining order, the affidavits in support thereof, and concluded that ABT had made a sufficient prima facie showing entitling ABT to a temporary restraining order. Before continuing the temporary restraining order as a preliminary injunction, limited to ABT's customer list, and before denying the defendants'

motion for reconsideration, the trial court considered the complaint, answer, affidavits of parties and witnesses, pretrial testimony of parties and witnesses, and the arguments of counsel. It appears to us that the trial court did

> "consider the object and nature of the relief sought in the complaint, as well as the property or other rights requiring protection and the interests of the parties in the subject matter. ... [T]he injury to the defendant if the restraining order is continued and the injury to the plaintiff if it is dissolved."

*Amerada Hess v. Furlong, supra,* 336 N.W.2d at 132. We cannot conclude from our review of the record that any of the orders appealed from constituted an abuse of discretion by the district court.[2]

The orders appealed from are affirmed.

VANDE WALLE, PEDERSON and GIERKE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.

---

**2.** We do not mean to imply that the defendants may not again request the district court to dissolve the injunction. Counsel for ABT noted at oral argument that the competitive advantage gained by the defendants may have eroded through the passage of time with the injunction in effect and that ABT may, therefore, already have attained the object of its lawsuit. A preliminary injunction will be dissolved when the reasons for granting it have ceased to exist and it no longer can serve any useful purpose. *Wahpeton Public Sch. Dist. v. North Dakota Ed. Ass'n,* 166 N.W.2d 389 (N.D.1969).