**SARGENT COUNTY BANK,
Plaintiff and Appellee,**

v.

**John WENTWORTH and Beth R. Wentworth, Defendants and Appellants.**

**Civ. No. 870218.**

Supreme Court of North Dakota.

Jan. 9, 1989.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee; argued by Jon R. Brakke.

Coles & Snyder, Bismarck, for defendants and appellants; argued by James J. Coles.

ERICKSTAD, Chief Justice.

John and Beth Wentworth appeal from a district court order granting the Sargent County Bank [Bank] prejudgment possession of certain collateral securing loans made by the Bank to the Wentworths. We dismiss the appeal.

On May 16, 1987, the Bank initiated an action against the Wentworths, alleging that they were in default on a $381,642.83 obligation to the Bank under a series of

promissory notes secured by crops, farm equipment and livestock, together with the proceeds and products therefrom, and seeking to foreclose its security interest in that property. The Bank also sought an order to show cause for prejudgment possession of the collateral pursuant to Chapter 32–07, N.D.C.C.

The Wentworths answered the complaint, alleging that as between an operating loan given by the Bank and another loan given by the Bank and guaranteed by the Farmers Home Administration [FmHA], the Bank had misapplied their payments, that the crop mortgages were invalid under Section 35–05–04, N.D.C.C., that they were not afforded the "appropriate notices and rights of appeal" for the FmHA guaranteed loan, and that they were entitled to relief under the confiscatory price defense provisions of Chapter 28–29, N.D.C.C. The Wentworths also filed a return to the order to show cause, asserting that the Bank failed to comply with Chapter 32–07, N.D.C.C., and raising essentially the same defenses as set forth in their answer to the complaint.

After a hearing on the order to show cause, the district court granted the Bank prejudgment possession of livestock, farm equipment, and proceeds from the sale of crops pending a final determination of the merits of the foreclosure action. Pursuant to Section 32–07–04, N.D.C.C., the Bank obtained a written undertaking by a surety in the amount of $650,000. The Wentworths have appealed from the order granting the Bank prejudgment possession.

The Bank moved to dismiss the Wentworths' appeal, contending that because the trial court specifically refused to enter a Rule 54(b), N.D.R.Civ.P., certification, the order does not constitute a final adjudication of the parties' claims and is not appealable. The Wentworths respond that the order is appealable pursuant to Section 28–27–02, N.D.C.C.

In *Gillan v. Saffell*, 395 N.W.2d 148 (N.D.1986), and *Gast Construction Co. v. Brighton Partnership*, 422 N.W.2d 389 (N.D.1988), we established the framework for analyzing this court's jurisdiction in cases where there is an appeal and there are unadjudicated claims remaining to be resolved by the trial court. *See also Regstad v. Steffes*, 433 N.W.2d 202 (N.D.1988); *Matter of Estate of Stuckle*, 427 N.W.2d 96, 101 (N.D.1988) (Meschke, J., concurring). In *Gast Construction Co. v. Brighton Partnership, supra*, 422 N.W.2d at 390, we said:

"First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. *Gillan v. Saffell, supra.* If it does, then Rule 54(b), NDRCivP, must be complied with. *E.g., Production Credit Ass'n of Grafton v. Porter*, 390 N.W.2d 50 (N.D.1986). If it is not, we are without jurisdiction. *Ibid.*"

In this case, pursuant to Chapter 32–07, N.D.C.C., the trial court granted the Bank prejudgment possession of certain collateral and proceeds. The order was thus a provisional remedy and therefore appealable pursuant to Section 28–27–02(3), N.D.C.C.[1]

However, our inquiry also requires an analysis of the applicability of Rule 54(b) and the trial court's refusal to grant the

---

1. Section 28–27–02(3), N.D.C.C., provides:
   "The following orders when made by the court may be carried to the supreme court:
   \* \* \* \* \* \*
   "3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;"

In *Advance Business Telephones, Inc. v. Professional Data Processing, Inc.*, 359 N.W.2d 365 (N.D.1984), we held that the trial court did not abuse its discretion in granting a preliminary injunction pending the completion of an action on the merits. That case was decided before our decisions in *Gillan, supra*, and *Gast, supra*, and no issue about the applicability of Rule 54(b), was raised or discussed in that case. *See also Fargo Women's Health Organization v. Larson*, 381 N.W.2d 176 (N.D.), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986).

Wentworths' request for a Rule 54(b) certification. The purpose of Rule 54(b) is to discourage piecemeal disposal of multi-claim litigation. *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). Rule 54(b) provides that "[i]f more than one claim for relief is presented in an action, ... or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In the absence of such a determination, an appeal may not be taken in multi-claim litigation which leaves some claims unadjudicated. *Gillmore v. Morelli*, 425 N.W.2d 369 (N.D. 1988). We have said that "claims" is used in the general sense in Rule 54(b) to include "issues." *Mitzel v. Schatz*, 167 N.W.2d 519 (N.D.1968). This action involves an adjudicated claim for prejudgment possession of collateral and an unadjudicated claim for foreclosure, and we therefore conclude that Rule 54(b) is applicable.[2]

In *Union State Bank v. Woell, supra,* 357 N.W.2d at 238, we outlined the following relevant factors for trial courts to consider in assessing a request for a Rule 54(b) certification:

" 'In reviewing 54(b) certifications, other courts have considered the following factors, *inter alia:* (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the

need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).' *Allis–Chalmers Corp. v. Philadelphia Electric Co., supra,* 521 F.2d [360] at 364 [3rd Cir.1975]. (Footnotes omitted.)"

In *Union State Bank v. Woell, supra,* we reviewed the trial court's decision on a request for a Rule 54(b) certification under the abuse-of-discretion standard. *See also Mitzel v. Schatz, supra.*

■ In this case, the Wentworths defended the order to show cause for prejudgment possession of the collateral with some of the same defenses they raised in their answer to the foreclosure action. The similarity of defenses demonstrates a legal and factual interrelationship comparable to that in *Union State Bank v. Woell, supra; see also, Buurman v. Central Valley School District,* 371 N.W.2d 146 (N.D. 1985). Some of the issues[3] raised by the

---

2. We recognize that an injunction is appealable without Rule 54(b) certification under the federal practice, *see Regstad v. Steffes,* 433 N.W.2d 202 (N.D.1988) (Meschke, J., concurring), and that we have not previously discussed or applied the requirements of Rule 54(b) certification in several appeals involving orders under Section 28–27–02, N.D.C.C.; however, our appellate procedure has now evolved into a bright line requiring the finality of Rule 54(b) certification for civil appeals involving multi-claim or multi-party actions.

We also recognize the important distinction between the federal and North Dakota procedure for promulgating rules of procedure. Under the federal procedure, the United States Supreme Court has the power to recommend rules of civil procedure to Congress, but the rules do not take effect until ninety days after they are reported to Congress. 28 U.S.C.A.

§ 2072. Thus, on the federal level Congress essentially makes the final decision on enacting rules of civil procedure, including Rule 54(b), as well as what orders are appealable. In contrast the North Dakota Constitution, Art. VI, § 3, authorizes the North Dakota Supreme Court to "promulgate rules of procedure, including appellate procedure, to be followed by all the courts of this state." Thus, in this state the Legislature determines what orders are appealable but this court has the final authority on rules of procedure for the courts, including Rule 54(b).

3. The Wentworths raised the following issues involving the merits of this appeal:

"2. WHAT STANDARD IS TO BE APPLIED BY THE DISTRICT COURTS IN DETERMINING WHETHER POSSESSION IS TO BE GRANTED UNDER CHAPTER 32–07 NDCC?

Wentworths on this appeal directly involve the merits of their defenses to the unadjudicated foreclosure action, and there is a possibility this court may be obliged to consider some of those issues in a subsequent appeal of that action. Moreover, some of the issues raised in this appeal might be rendered moot by future developments in the unadjudicated foreclosure action. Under these circumstances, we are not persuaded that unusual or compelling circumstances were presented to the trial court to warrant Rule 54(b) certification, and we conclude that the trial court did not abuse its discretion in denying Rule 54(b) certification.

Although we have jurisdiction to review orders such as the one in this case when there is a proper appeal from a final judgment, *see Production Credit Ass'n v. Halverson,* 386 N.W.2d 905 (N.D.1986), the absence of a Rule 54(b) certification requires us to decline to consider the propriety of the order appealed from at this time. Accordingly, we dismiss this appeal.

VANDE WALLE and GIERKE, JJ., and VERNON R. PEDERSON, surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

MESCHKE, Justice, concurring.

I concur but still unenthusiastically. *See Regstad v. Steffes* 433 N.W.2d 202 (N.D. 1988) (Meschke, concurring). I write separately to bring notice to the dramatic procedural step this understated opinion represents, to register my reservations, and to acknowledge its lone meritorious quality.

Heedless of the concerns that I recorded in my concurrence to *Regstad v. Steffes,* this decision applies Rule 54(b) to a classic temporary injunction, an order requiring a debtor to make pretrial turnover of mortgaged goods to a foreclosing creditor. The doctrine of finality is applied to "an adjudicated claim for prejudgment possession of collateral" because "an unadjudicated claim for foreclosure" remains. Thus, it is concluded that "Rule 54(b) is applicable."

So it is quietly decided that there can be no appeal from an order granting an interlocutory injunction without the trial court's further action under Rule 54(b). Without any mention, this abandons the assumption made in *Regstad v. Steffes, supra,* "that an order granting an injunction may be appealed without regard to Rule 54(b)." As I set out in *Regstad,* this departs from more than a century of experience in this state, ignores the longstanding and widespread experience of other states, and carries our Rule 54(b) well beyond its prototype and the experience of its federal procreators. Today's decision leaves behind a century of procedural tradition with scarcely a farewell wave of the pen. This is a radical innovation and the need for it goes undisclosed.

I joined in *Gillan v. Saffell,* 395 N.W.2d 148 (N.D.1986) and *Gast Construction Co. v. Brighton Partnership,* 422 N.W.2d 389 (N.D.1988), with their unnecessarily sweeping statements of how Rule 54(b) should be employed. Neither involved an interlocutory injunction. Later I paused, concurring in *Matter of Estate of Stuckle,* 427 N.W.2d 96 (N.D.1988), to evaluate for myself the functions of finality and Rule 54(b) for appeals. While I agreed that it was very desirable to generally require a final decision for a civil appeal, I also suggested that we should honor customary exceptions based on experience and akin to the federal model from which we got 54(b). Obviously, my reach for principled exceptions to finality for appeals is unacceptable to a majority of this court, even if those traditional alternatives are not examined or their rejection explained.

To be sure, the majority opinion seeks to set up a framework for review of a trial

---

"3. DID THE WENTWORTHS PRESENT MERITORIOUS DEFENSES AND DID THE COURT ERR OR ABUSE ITS DISCRETION IN AWARDING POSSESSION OF COLLATERAL TO THE BANK AND IN MAKING A FINAL DETERMINATION AS TO THE WENTWORTH'S DEFENSES?

"4. WERE THE WENTWORTHS DENIED THEIR RIGHT TO DUE PROCESS OF LAW IN THESE PROCEEDINGS?"

court's abuse of discretion in refusing Rule 54(b) consent. It appropriates and adapts the approach used in an earlier review of an improvident grant of Rule 54(b) consent in *Union State Bank v. Woell*, 357 N.W.2d 234 (N.D.1984). The majority does not explain that this is also a new and innovative application of that form of review. I am unaware of any prior decisions in our state which have applied an abuse of discretion standard to review of a refusal of 54(b) action. In the parallel federal context, it is "certainly ... a general proposition" that "the district court's refusal to execute a certificate involves an exercise of its discretion that will not be interfered with by an appellate court," although "there may be exceptional cases where an appellate court is justified in mandamusing the district court to execute the certificate or in forthwith reviewing the interlocutory order by the medium of a prerogative writ." 6 Moore's Federal Practice ¶ 54.41[3], at pp. 54–277 and 278 (1988).

Since I see no abuse of discretion in this trial court's pretrial turnover order based on the virtually unsupported arguments submitted on this appeal, I cannot say that the majority's conclusion, "that the trial court did not abuse its discretion in denying Rule 54(b) certification," is wrong. On the other hand, I find no support in Rule 54(b) for the proposition that the consent of the trial court to a final and appealable interim judgment should be given only when there are "unusual or compelling circumstances," (see p. 565). While that extreme expression was used in the opinion in *Union State Bank v. Woell supra*, the Rule 54(b) criteria is "that there is no just reason for delay."

Another stage of review of trial court conduct has been introduced. Denial of the 54(b) action must be considered before reviewing the merits of granting or denying the temporary injunction. Each is reviewed on a separate abuse of discretion standard. *See Fargo Women's Health Organization v. Larson*, 381 N.W.2d 176 (N.D.1986). Mere acknowledgement of this dual standard of abuse of discretion for review illustrates the clumsiness that will

now be involved in appealing a temporary injunction without a trial court's consent.

Of course, since our court can control its own agenda, we can always look ahead to the second stage of review. If it looks bad enough, we can always declare an abuse of discretion in the first stage in order to get to the second stage. But that makes review of an interlocutory injunction unpredictable and capricious.

It is small answer to suggest, as the majority opinion seems to, that an interlocutory injunction can be reviewed on "a proper appeal from a final judgment." Of course that is true. But in this and in many cases, property will be gone, destroyed or sold, or status will be changed drastically. As I pointed out in *Regstad, supra*, (and as the majority opinion recognizes), "[i]f not reviewed before a final determination, an injunctional order often becomes moot" even when mistaken. 433 N.W.2d at 207.

"An injunction, issued or denied under a mistaken view of the law, can do a lot of harm while due process takes its serene course." *Regstad v. Steffes*, 433 N.W.2d at 207 (Meschke, concurring). According a money claim to someone whose property or status is gone from a mistaken but unreviewable temporary injunction subverts the very purpose of an injunction—an equitable remedy as an alternative to the proverbial "inadequate remedy at law." *See* 42 Am. Jur.2d *Injunctions* § 2 (1969). It is no procedural improvement to insist that another level of mistake be demonstrated to avoid that serious consequence.

Thus, I think that it remains to be seen whether the *Union State Bank v. Woell* formula is workable as a first stage of review for an interlocutory injunctional order. It is unfortunate that we have not had the aid of full briefing and argument on that course before embarking on it or that we have not utilized our usual forum for procedural change, the Joint Procedure Committee of the Supreme Court and the State Bar Association. While I agree with the majority opinion that this court has the power to "promulgate rules of procedure, including appellate procedure," we should

not exercise it in an unexpected and unexplained manner.

Still, there is a single, though simplistic, meritorious quality in today's decision. It should be easy for all to understand. Without a final judgment or 54(b) action, no practitioner can stand before this court and say that he didn't understand that his appeal was premature. As I pointed out in *Regstad*, "[f]or procedure generally, certainty [can be] more important than correctness." It is a bright line to apply the doctrine of finality for appeal to all judgments and orders without exception.

As I said in *Regstad*, "since certainty is more important than the choice we make, I acquiesce in the holding," 433 N.W.2d at 207, even though I expect it to bring more problems than we think we are solving.