TASHIMA, Senior Circuit Judge,
concurring in part and dubitante in part:
I concur in all of Judge Nelson’s fine opinion, except for Part 4, as to which I remain dubitante. Part 4 of the majority opinion holds that San Francisco’s Pregnancy Information Disclosure and Protection Ordinance (the “Ordinance”) is not preempted by California Business and Professions Code § 17500, California’s false advertising law (“FAL”). Yet, the analysis the opinion engages in to reach this conclusion is, at best, sketchy. Because I do not believe that this analysis can bear the weight it is asked to shoulder, I am unpersuaded that the Ordinance is not preempted by the FAL. The question of whether the Ordinance is preempted by the FAL is an open and important one. Because the California case law gives no clear answer to this question, I would certify the question to the California Supreme Court, see Cal. R. Ct. 8.548, rather than make an educated guess at the answer, as the majority does here.
The majority gives two reasons why the Ordinance is not preempted. But, as I demonstrate below, it is far from clear that the majority’s answer is the one the California Supreme Court would reach.

*1282
Does Duplication Preemption Apply to Non-Penal Ordinances?

The majority “deeline[s] to apply duplication preemption to invalidate the Ordinance because its enforcement does not raise double-jeopardy concerns.” Maj. Op. at 1281. Ostensibly, the majority does not hold that duplication preemption “may never apply to a civil ordinance.” Id. at 1280. Nevertheless, the majority reasons that “the fact that the Ordinance here is civil rather than penal weighs against invalidating it based on duplication preemption.” Id. The majority’s conclusion relies heavily on Fireman’s Fund Ins. Co. v. City of Lodi, 302 F.3d 928, 941 (9th Cir. 2002). But the most that the majority can tease out of Fireman’s Fund is that “California courts have largely confined the duplication prong of the state preemption test to penal ordinances.” Maj. Op. at 1280 (citing Fireman’s Fund, 302 F.3d at 956) (emphasis added).[1] Nothing in Fireman’s Fund bars us from applying duplication preemption to the facts of the instant case. The majority also cannot convincingly explain why S.D. Myers v. City & County of San Francisco, 336 F.3d 1174, 1177-78 (9th Cir. 2003), which was decided one year after Fireman’s Fund, should not control. There, we undertook the duplication preemption analysis to determine, if a California non-penal statute preempted a San Francisco non-penal ordinance. Although we ultimately concluded that the two laws were not co-extensive and therefore not preempted, our detailed analysis of the issue casts doubt on the majority’s position that duplication preemption does not apply to a non-penal ordinance.
This doubt is magnified by the California Supreme Court’s long-standing recognition that duplication preemption applies to civil, non-penal ordinances. See Chavez v. Sargent, 52 Cal.2d 162, 339 P.2d 801, 810 n.3 (1959) (“We recognize that in Pipoly v. Benson[, 20 Cal.2d 366, 125 P.2d 482 (1942), ] the Chief Justice was dealing with a penal ordinance and that the ordinance with which we are concerned declares no penal sanction, but we nevertheless view the quoted language as applicable here.”). There is thus no firm basis in California law to support the majority’s “declin[ing] to apply duplication preemption,” simply because a non-penal ordinance is involved.
Thus, while the majority “decline[s] to apply duplication preemption,” Maj. Op. at 1281, I respectfully suggest that, in doing so, the majority puts the shoe on the wrong foot. The question we should be asking is whether there is “clear authority” that duplication preemption does not apply (not that it does not “largely” apply) to a civil ordinance. There is not.

Does the FAL Apply to the Advertising of the Services Offered by LSPCs?

The majority opinion goes on at great length to demonstrate that the speech engaged in by First Resort, and regulated by the Ordinance, is commercial speech. But in Part 4, the opinion implies that First Resort’s speech is not commercial at all because the Ordinance “narrowly proscribes false advertising concerning the performance of [an LSPC’s] services, irrespective of whether those services are offered for sale.” Id. at 1281. The majority implies that the FAL does not apply to services that are not “offered for sale.” But this implication is unsupported by a close analysis of the text of the FAL. In fact, the FAL makes it unlawful for any person who intends “to perform services,” to make any untrue or misleading statement “connected with the proposed performance” of that service. Cal. Bus. & *1283 Prof. Code § 17500. The FAL contains no explicit requirement that those services be “offered for sale.”[2] Id. Thus, the majority does not tell us the source of its implication that the FAL requires a sales transaction.
Confusing the issue even further is the majority’s reliance earlier in the opinion on Fargo Women’s Health Org., Inc. v. Larson, 381 N.W.2d 176 (N.D. 1986) (“Larson”), which “upheld a preliminary injunction preventing a ‘pro-life’ pregnancy clinic from engaging in ‘false and deceptive advertising ... [that] misleads persons into believing that abortions are conducted at the clinic with the intent of deceptively luring those persons to the clinic to unwittingly receive anti-abortion propaganda.’ ” Maj. Op. at 1273 (quoting Larson, 381 N.W.2d at 177, 179). The majority further observes that the North Dakota Supreme Court “did not find that the lack of payment for services was dispositive to the commercial speech inquiry.” Id. at 1273. It goes on to observe that “the Help Clinic’s advertisements are placed in a commercial context and are directed at the providing of services rather than toward an exchange of ideas.” Id. at 1273 (quoting Larson, 381 N.W.2d at 181). Thus, the majority approvingly quotes Larson that, “[i]n effect, the Help Clinic’s advertisements constitute promotional advertising of services through which patronage of the clinic is solicited, and in that respect constitute classic examples of commercial speech.” Id. at 1273 (quoting Larson, 381 N.W.2d at 181).
What the majority does not tell us is that the law at issue in Larson was “North Dakota’s false advertising statute, Chapter 51-12 N.D.C.C.” 381 N.W.2d at 182. That statute is substantially similar to California’s FAL and the preliminary injunction issued in that case was issued under the North Dakota false advertising statute. Thus, by necessary implication, the North Dakota Supreme Court held that the false advertising statute applied to the Help Clinic’s advertising, even though no sale was involved.[3] It thus seems entirely plausible that the California FAL, which is similarly-worded to the North Dakota statute, could also be construed to cover the type of advertising in which First Resort and other LSPCs engage. Certainly, there is no authority holding the contrary.
Further, without citing any supporting authority, the majority implies that the regulation of false advertising is a matter of “local concern.” Maj. Op. at 1279 (“California courts presume that a local law in an area of traditional local concern ‘is not preempted by state statute.’ ” (quoting Big Creek Lumber Co. v. Cty. of Santa Cruz, 38. Cal.4th 1139, 45 Cal.Rptr.3d 21, 136 P.3d 821, 827 (2006))). First, Big Creek Lumber involved a local zoning regulation and thus does not speak to preemption under the FAL. In the area of false advertising, albeit in the context of federal preemption, the California Supreme Court has stated that “consumer protection laws such as the ... false advertising law ... are within the states’ historic police powers....” Farm Raised Salmon Cases, 42 *1284 Cal.4th 1077, 72 Cal.Rptr.3d 112, 175 P.3d 1170, 1176 (2008) (emphasis added). We have likewise stated that “consumer protection laws have traditionally been in state law enforcement hands.” Chae v. SLM Corp., 593 F.3d 936, 944 (9th Cir. 2010) (emphasis added) (citations omitted).
Moreover, the statewide FAL was enacted over 75 years ago, in 1941. It has been in effect ever since, with only minor amendments, and with few, if any, challenges from local ordinances. The recently-enacted Ordinance, of course, has no such lineage.
Finally, the majority also asserts that
First Resort has failed to meet its burden to show that the FAL covers all acts proscribed by the Ordinance. For instance, the Ordinance prohibits disseminating untrue or misleading statements by LSPCs “whether by statement or omission,” while the text of the FAL does not mention omissions.
Maj. Op. at 1280-81 (internal citations omitted). But this simplistic view overlooks the substantial body of case law under the FAL. California courts have made clear that: “Under the False Advertising Law ... ‘[a] perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information is actionable.’ ” Consumer Advocates v. Echostar Satellite Corp., 113 Cal. App.4th 1351, 8 Cal.Rptr.3d 22, 30 (2003) (emphasis added); see also Day v. AT&T Corp., 63 Cal.App.4th 325, 74 Cal.Rptr.2d 55, 60 (1998) (“A perfectly true statement couched in a manner that is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under the [FAL].” (emphasis added)); Paduano v. Am. Honda Motor Co., 169 Cal.App.4th 1453, 88 Cal.Rptr.3d 90, 127 (2009) (same) (quoting Day). As can plainly be seen, the majority’s assertion that the FAL does not prohibit the making of misleading omissions ignores California case law and is patently untrue.

We Should Certify This Question to the California Supreme Court.

Certification is warranted if there is no controlling precedent and the California Supreme Court’s decision could determine the outcome of a matter pending in our court. This appeal not only meets both criteria, but also presents an issue of significant public importance.
Flo & Eddie, Inc. v. Pandora Media, Inc., 851 F.3d 950, 954 (9th Cir. 2017) (citing Cal. R. Ct. 8.548(a)).
Whether preemption applies to the Ordinance is outcome determinative—if it does, the Ordinance must be struck down. And, as I have shown above, the answer is far from certain—there is no directly controlling precedent. Moreover, the question is an important one in a broader sense. Whether the FAL covers advertising of the kind at issue here will dictate not only the outcome of this case, but also whether other cities and counties throughout California can copycat the Ordinance. Or whether the FAL itself governs such commercial speech. This broad public interest makes this question one particularly suitable for certification.
True, certification is unnecessary when the state’s law “is rather well-defined.” Syngenta Seeds, Inc. v. Cty. of Kauai, 842 F.3d 669, 681 (9th Cir. 2016). On the other hand, we certify issues “because they require interpretation of the state [law at issue] beyond that found in state or federal cases.” Barnes-W'allace v. City of San Diego, 607 F.3d 1167, 1175 (9th Cir. 2010). I submit that it cannot seriously be contended that the answer to the question here is “well-defined.” On the contrary, whether preemption applies to and ousts the Ordinance requires an interpretation of the *1285 FAL “beyond that found in state or federal cases.” We do the California public, as well as the litigants, a disservice by refusing to certify this controlling question to the one body that can provide a definitive answer: the California Supreme Court.
Because I remain dubitante on the state law preemption issue, I respectfully suggest that we should certify the question of whether the Ordinance is preempted by the FAL to the California Supreme Court.

. In addition, of course, Fireman’s Fund is not an expression of the California Supreme Court itself.

. There is a separate and independent clause at the end of the FAL which makes it unlawful to make any misleading statement "as part of a plan or scheme with the intent not to sell property or services” at the price advertised. Id. This is the only mention of the word "sale” or any of its variants in the FAL.

. It is true that the North Dakota Supreme Court said that it was not deciding whether the false advertising statute applied to the case and that any opinion on the merits would be advisory. Id. at 182-83. It cannot be gainsaid, however, that a preliminary injunction was issued under the North Dakota false advertising statute and that injunction was affirmed on appeal by the North Dakota Supreme Court.